Raymond E. BARTH, et al., Plaintiffs,

v.

WOLF CREEK NUCLEAR OPERAT-ING CORPORATION, Defendant.

No. 97–4174–SAC.

United States District Court, D. Kansas.

Nov. 17, 2000.

**438**

Stephen W. Cavanaugh, Harold A. Houck, Fisher, Cavanaugh, Smith & Lemon, P.A., Topeka, KS, for plaintiff.

Anne L. Baker, David P. Mudrick, K. Gary Sebelius, Wright, Henson, Somers, Sebelius, Clark & Baker, LLP, Topeka, KS, Michael M. Walker, Avondale, AZ, for defendant.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

This case is before the court on thirty-two separate motions for summary judgment, and one motion for partial summary judgment filed by the defendant, Wolf Creek Nuclear Operating Corporation. The plaintiffs bring this Fair Labor Standards Act ("FLSA") action as employees of defendant's System Engineering or Support Engineering departments, seeking to recover unpaid compensation for hours worked in excess of forty hours a week during the time in question.[1]

The standards and procedures for summary judgment are well established and will not be fully repeated here. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In essence, summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Id.* Because of its ruling in this matter, the court finds it unnecessary to set forth in detail the host of uncontested facts relevant to the thirty-three pending motions.

■ Defendant recognizes that the FLSA generally requires employers to compensate employees who work more than forty hours per week with overtime pay, 29 U.S.C. § 207(a), but seeks summary judgment arguing that the plaintiffs' job duties exempt them from FLSA's overtime provisions. Section 13 of the FLSA states that the overtime pay provisions shall not apply to "any employee employed in a bona fide executive, administrative, or professional capacity . . . ." 29 U.S.C. § 213(a)(1). The Tenth Circuit has indicated that the regulations defining and delimiting those terms " . . . fix absolute criteria determinative of the question of exemption." *Legg v. Rock Products Mfg. Corp.,* 309 F.2d 172 (10th Cir.1962).

Defendant has not moved for summary judgment on the overtime claims of plaintiff Ronald W. Wollum, acknowledging the existence of disputed issues of material fact concerning his primary duties. (Dk.226.) Although defendant filed a motion for partial summary judgment relating solely to plaintiff Wollum's claim for on-call compensation, (*id.*), this motion is now moot because all claims for on-call compensation have since been abandoned.

---

1. Although plaintiffs originally brought an additional claim for time spent waiting on call to respond to emergent needs of the defen-

dant, all such claims have been abandoned and dismissed from the case. *See* Dk. 258, p. 18.

As to the remaining thirty-two plaintiffs, defendant asserts that either or both the professional exemption and the administrative exemption apply. Under the FLSA, the employer has the burden of establishing an exception by clear and affirmative evidence. *Donovan v. United Video, Inc.,* 725 F.2d 577, 581 (10th Cir. 1984). The employer bears the burden of demonstrating that "the employee fits 'plainly and unmistakenly within the exemption's terms.'" *Carpenter v. City & County of Denver, Colo.,* 82 F.3d 353, 355 (10th Cir.1996) (citations omitted), *cert. granted, vacated on other grounds,* 519 U.S. 1145, 117 S.Ct. 1078, 137 L.Ed.2d 213 (1997). Further, as a remedial statute, exemptions are narrowly construed against employers seeking to assert them. *See Brennan v. Dillion,* 483 F.2d 1334, 1338 (10th Cir.1973) (citations omitted).

*Administrative Exemption*

The interpretative regulations emphasize that "job titles [are] insufficient as yardsticks" in determining the employee's exempt or nonexempt status under the regulations. 29 C.F.R. § 541.201(b). "Titles can be had cheaply and are of no determinative value." *Id.* The status of any particular employee must be determined on the basis of whether his or her duties, responsibilities, and salary meet all the requirements of the appropriate section of the regulations. 29 C.F.R. § 541.201(b)(2). No position descriptions, or other document setting forth the essential functions of the positions held by the plaintiffs, are included in the record. The parties agree that all plaintiffs have nearly the same job duties for purposes of the FLSA analysis. (Pretrial Order, Dk. 332, p. 3)(plaintiffs' contentions); *Id,* p. 7–8 (defendant's contentions).

The regulations establish two tests for determining whether an individual is exempt from the FLSA as a bona fide "administrative" employee. Employees earning less than $250 per week are subject to the "long test" of 29 C.F.R. § 541.2(a)-(e), while those earning $250 or more per week are governed by the "short test" set forth at § 541.2(e)(2). The parties agree that all plaintiffs earn more than $250 per week.

Plaintiffs nonetheless ask the court to use the long test instead of the short test because the $250 a week standard is "outdated," "perilously close to minimum wage," and is no longer a good proxy for the determination of white collar status. (Dk.258, p. 9). Plaintiffs correctly recognize, however, that the short tests are included in the regulations, and that such regulations have the force and effect of law. *See Cooke v. General Dynamics Corp.,* 993 F.Supp. 56, 58 n. 1 (D.Conn. 1997). The regulations regarding use of the short test for qualified plaintiffs are not permissive, but mandatory, *see* § 541.2(e)(2) (stating that where employee meets the short test, employee "shall be deemed to meet all the requirements of this section"); § 541.3(e) (same), and reversible error has been found where a district court used the long test despite a plaintiff's salary qualification for the short test. *See O'Dell v. Alyeska Pipeline Service Company,* 856 F.2d 1452 (9th Cir. 1988). Accordingly, the court will use the short test in determining whether plaintiffs are entitled to either the administrative or the professional exemption.

Under the short test, employees are deemed exempt administrative employees if (1) their "primary duty consists of . . . [t]he performance of office or nonmanual work directly related to management policies or general business operations of [the] employer," and (2) the performance of their primary duty "includes work requiring the exercise of discretion and independent judgment." 29 C.F.R. § 541.2(e)(2).[2]

---

2. One important ramification of the "short test" for administrative employees is that their duties need only include work requiring "the exercise of discretion and independent judgment," rather than "customarily and regularly exercising such discretion and judgment," as required by the long test. *See Dymond v. United States Postal Service,* 670 F.2d

440

The phrase "directly related to management policies or general business operations of [the] employer," describes those type of activities relating to the administrative operations of a business, as distinguished from "production" work. 29 C.F.R. § 541.205(a). Administrative duties include servicing functions such as "advising the management, planning, negotiating, representing the company, purchasing, promoting sales, and business research and control." *Id.* § 541.205(b). This exemption applies only to employees who perform work of substantial importance to the management or to the operation of the business. 29 C.F.R. § 541.205(a). The exemption, however, is not reserved for only those employees who formulate management policy. 29 C.F.R. § 541.205(c). It is enough that an employee's work affects management policy, or that the employee has the responsibility to execute policy decisions. *Id.*

To fall within this exemption, a person's administrative tasks must constitute his or her "primary duty." As a rule of thumb, an employee's "primary duty" means that duty which occupies the major part, or over fifty percent, of the employee's time. *Department of Labor v. City of Sapulpa,* 30 F.3d 1285, 1287 (10th Cir.1994); 29 C.F.R. § 541.103. Time alone, however, is not the only test. The relative importance of the employee's duties and the frequency with which the employee exercises discretion also are relevant considerations. *Reich v. State of Wyoming,* 993 F.2d 739, 742 (10th Cir.1993).

■ The court has reviewed the voluminous record in light of the relevant law, and finds that it cannot grant summary judgment in favor of any of the plaintiffs on their claim under the administrative exemption to the overtime provisions of the FLSA. The record fails to show that the plaintiffs' primary duties affect management policy, or that they have the re-

sponsibility to influence or execute policy decisions. Nor do plaintiffs have any supervisory or personnel duties. *See e.g.,* Dk. 358, Exh. 7 (systems engineers do not have the authority to hire, fire, or make decisions regarding salary, pay or other administrative matters, and have no direct supervisory responsibilities over anyone).

Plaintiffs testify that they prioritize work orders relating to their systems, manage system performance, perform trending duties, prepare certain reports, and do multiple other tasks, yet the record fails to reveal that such duties, though important to the defendant's production of nuclear energy, are clearly and primarily administrative in nature.

Although the fact that the plaintiffs work for an enterprise engaged in production activity does not preclude their being administrative employees, *see Cooke,* 993 F.Supp. at 61, the record here could be read to show that the plaintiffs' primary duties involve production, and not administration. *See e.g.,* Dk. 362, Lyle depo., p. 196 (systems engineer's testimony that many of his job duties could be performed by mechanics).

The duties performed by the plaintiffs, as testified to by the plaintiffs, all of whom are lower-level engineers or engineering specialists, show little, if any, involvement with any of defendant's general policies, financial operations, personnel or business management, and in that respect are wholly unlike those performed by persons found to be exempt administrative employees. *See e.g., Spradling v. City of Tulsa,* 198 F.3d 1219 (10th Cir.2000)(fire chiefs were "executive, administrative, or professional" employees exempt from FLSA's overtime compensation requirements); *Mayer v. Board of County Commissioners of Chase County, Kan.,* 5 F.Supp.2d 914 (D.Kan.1998)(director of emergency medical services was exempt

93, 95 (8th Cir.1982); *Hippen v. First National Bank of Phillipsburg, Kan.,* 1992 WL 73554

(D.Kan.1992).

as administrative employee.); *Szymula v. Ash Grove Cement Co.*, 941 F.Supp. 1032, 1036–1038 (D.Kan.1996)("administrative assistant" whose workers compensation responsibilities occupied twenty-eight of her forty-five hour work week, who exercised substantial independent judgment with respect to the company's employee manual, and who exercised discretion in matters affecting secretaries in her work area was exempt administrative employee); *Ackley v. Department of Corrections of State of Kan.*, 844 F.Supp. 680 (D.Kan.1994)(corrections manager was exempt "administrative employee" where he spent relatively little time in field supervising parolees and most of his time preparing instructional manuals, creating Department of Corrections policies, issuing, reviewing and recalling warrants, advising parole officers in field, revoking parole, and disbursing thousands of dollars in exercise of his discretion without consulting others); *Hills v. Western Paper Co.*, 825 F.Supp. 936 (D.Kan.1993)(branch accounting credit manager was exempt administrative employee even if she spent more than 50% of her time doing bookkeeping and clerical work, because her primary duties directly related to employer's management policies and general business operations, and she exercised discretion and independent judgment.) The record fails to include clear, affirmative, and uncontradicted evidence that the plaintiffs are really performing duties which are primarily administrative in nature.[3] See *Donovan*, 725 F.2d 577 (microwave system engineers whose primary duties involved driving to microwave relay stations, conducting inspections, and doing preventive maintenance work are not within administrative exemption).

*Professional Exemption*

The minimum salary requirement of two hundred and fifty dollars per week also applies to the professional exemption, triggering application of its short test. 29 C.F.R. § 541.3(e) (1992). Under that test:

[An] employee employed in a bona fide * * * professional capacity . . . shall mean any employee . . .

(a) Whose primary duty consists of the performance of:

(1) Work requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, as distinguished from a general academic education and from an apprenticeship, and from training in the performance of routine mental, manual, or physical processes, and

(e) which includes work requiring the consistent exercise of discretion and judgment.

*Id.* § 541.3(a)(1), (e) (1992).

Defendants assert that engineering, in general, is a learned profession, and that the requirements of § 541.3(a)(1) are thus met. See 29 CFR § 541.301(e)(1)("Generally speaking the professions which meet the requirement for a prolonged course of specialized intellectual instruction and study include . . . engineering."). The record reflects a disputed, material issue of fact whether an engineering degree was helpful, if not required, for all positions held by the plaintiffs.[4]

Plaintiffs dispute that their primary duties consist of the performance of work requiring knowledge of an advanced type in the engineering field, and instead claim that persons with a high school degree and/or on the job training would be able to perform their job duties. See e.g., Dk. 362, Lyle depo., p. 196–97. The court finds it unnecessary to determine this issue, however, because the record presents an even

3. Because the "duties test" has not been met, the court finds it unnecessary to reach the issue of, and makes no finding regarding, the "discretion test."

4. Defendant admits that it did not require an engineering degree for the engineering specialist positions, which are held by two of the plaintiffs who moved for summary judgment on this issue.

more fundamental dispute whether the plaintiffs consistently exercise discretion and judgment in the performance of their duties.

■ The exercise of discretion and independent judgment generally involves:

> the comparison and the evaluation of possible courses of conduct and acting or making a decision after the various possibilities have been considered. The term . . . implies that the person has the authority or power to make an independent choice, free from immediate direction or supervision and with respect to matters of significance.

29 C.F.R. § 541.207(a).[5]

The requisite judgment also must be both "real and substantial, that is, [it] must be exercised with respect to matters of consequence." *Id.* § 541.207(d).

The interpretations note that "discretion and independent judgment" are to be distinguished from the use of skill in various respects, in stating:

> An employee who merely applies his knowledge in following prescribed procedures or determining which procedure to follow, or who determines whether specified standards are met or whether an object falls into one or another of a number of definite grades, classes, or other categories, with or without the use of testing or measuring devices, is not exercising discretion and independent judgment . . . This is true even if there is some leeway in reaching a conclusion, as when an acceptable standard includes a range or a tolerance above or below a specific standard.

29 C.F.R. § 541.207(c)(1).

The record is contradictory regarding whether plaintiffs' work requires the consistent exercise of discretion and judgment. According to plaintiffs, the overwhelming majority of their duties are performed in strict accordance with standardized written procedures relative to their specific systems or areas, from which they rarely, if ever, deviate; any trouble-shooting strategies are merely rote applications of previously established procedures; and they are given little, if any, latitude to fashion solutions to support or systems problems. Instead, plaintiffs have an expectation of immediate intervention by their supervisor or others. Specific testimony by the individual plaintiffs disputes that they exercise any degree of discretion or judgment whatsoever in performing their jobs, and could support a finding that plaintiffs merely apply their knowledge in following prescribed procedures and determining whether specified standards are met, *see* 29 C.F.R. § 541.207(c)(1), or otherwise lack the requisite degree of discretion and judgment. *See also* 29 C.F.R. § 541.305(b)(purely mechanical or routine work is not professional).

Neither the performance evaluations nor the procedures attached as exhibits indicates that the plaintiffs consistently exercise discretion in the performance of their duties. To counter each plaintiff's specific testimony, defendant repeatedly relies upon the general and conclusory testimony of Brad Grieves, a former supervisor in the Systems Engineering department, who moved to the Support Engineering department. Grieves testified that the engineers he supervised exercised discretion on a regular basis in carrying out their jobs. *See e.g.,* Dk. 393, Grieves depo., p. 57–58. The court looks to the specifics supporting

---

5. The court recognizes that § 541.207 relates specifically to the administrative exemption, but believes that to the extent it is cited herein, it provides guidance to the court's analysis of the professional exception as well. *See, e.g., Rutlin v. Prime Succession, Inc.,* 220 F.3d 737, 743 (6th Cir.2000)(applying 29 C.F.R. § 541.207 to professional exemption); *Debeji-*

*an v. Atlantic Testing Laboratories, Ltd.,* 64 F.Supp.2d 85, 89 (N.D.N.Y.1999) (same). Moreover, the court's decision on this issue would be no different if it relied solely upon decisional law and 29 C.F.R. § 541.305 (the sole interpretation expressly addressing discretion and judgment in context of the professional exemption) and not upon § 541.207.

this general and conclusory assertion.[6]

When asked to explain, Grieves stated only that if he were conducting an evaluation of a problem in the field, the engineers were permitted to use their "engineering judgment," but admitted that "in order to exercise that, they have to have a strong basis of evidence to substantiate their judgment." *Id.* This testimony, at best, shows that those engineers Grieves supervised performed work which on occasion and in limited circumstances permitted the exercise of discretion and judgment. It does not come close to showing that plaintiffs' work required the consistent exercise of discretion and independent judgment.

The record includes multiple other examples of instances in which particular plaintiffs are alleged to have exercised varying degrees of discretion or independent judgment in performing certain tasks required in their positions, including, but not limited to the following: prioritizing work, trending, doing root cause analyses, conducting nonconformance or other engineering evaluations, answering performance improvement requests, writing or updating various procedures, and making various recommendations. The record is not clear, however, in showing that plaintiffs' work required the consistent exercise of discretion and independent judgment.

The fact that the field of nuclear energy production is highly regulated does not preclude a finding that the plaintiffs are professionals, yet the defendant has not met its burden to show that plaintiffs, though constrained by numerous detailed procedures, nonetheless consistently exercise discretion and judgment either in the manner in which those procedures are followed or deviated from, or otherwise.

The detailed testimony of the individual plaintiffs, and the opposing exhibits which the court has taken great pains to review, clearly create material questions of fact regarding the nature and extent of the discretion or independent judgment exercised by the plaintiffs, or any of them. *See Aaron v. City of Wichita, Kan.*, 54 F.3d 652 (10th Cir.), *cert. denied*, 516 U.S. 965, 116 S.Ct. 419, 133 L.Ed.2d 336(1995)(finding genuine issue of fact regarding executive exemption for fire chiefs and captains where City's contention that they spend in excess of 80% of their work hours managing their respective subdivisions was contradicted by firefighters' contention that the Chiefs had little or no discretion or independent judgment; no authority to hire, fire, promote, demote, suspend personnel, authorize shift trades, authorize transfers, give pay raises, or reduce pay; no authority to make policy determinations or make spending decisions or modify equipment, and spent much of their time doing work clerical in nature, or work also required of the rank and file firefighters).

Accordingly, the defendant has not met its burden to show that the plaintiffs clearly and unmistakably fall within the professional exemption. *Compare Reich v. State of Wyoming*, 993 F.2d 739 (10th Cir.1993)(finding game wardens exempt as professionals where they manage their districts with little supervision, operate their own offices, serve as the sole representative of the state's game and fish department within the area, manage their time each day without supervision, are responsible for collecting and analyzing data to create yearly population goals according to their own schedules, and make their own estimations as to wildlife damage, population and needs for relocation.)

Because the summary judgment evidence is insufficient to establish as matter

---

6. Although summary judgments are always determined by facts, rather than by testimony of legal or other conclusions, defendant's reliance upon Grieves' testimony to show the nature of discretion or judgment exercised by all plaintiffs is particularly inapposite here, where the inquiry into exempt status under section 213 is "intensely fact bound and case specific." *Bohn v. Park City Group, Inc.*, 94 F.3d 1457, 1461 (10th Cir.1996), *citing Dalheim v. KDFW–TV*, 918 F.2d 1220, 1226 (5th Cir.1990).

**444**

of law that the plaintiffs in the Systems and Support Engineering departments satisfy the requirements for either the administrative or the professional exemption to FLSA's overtime requirements, defendant's motions for summary judgment will be denied.

The court advises the parties that it is considering the appointment of an expert pursuant to Fed.R.Evid. 706.

The court additionally notes plaintiffs' motion to strike the purported expert testimony of Robert L. Mathis. (Dk.334). This motion will be taken under advisement and ruled upon at a date closer to trial.

IT IS THEREFORE ORDERED THAT defendant's motion for partial summary judgment (Dk.226) is denied as moot;

IT IS FURTHER ORDERED THAT defendant's motions for summary judgment (Dk. Nos. 220, 176, 188, 164, 222, 168, 196, 200, 174, 178, 172, 162, 152, 156, 198, 160, 186, 166, 158, 214, 180, 182, 212, 170, 218, 190, 192, 194, 224, 184, 216, and 154) are denied.

IT IS FURTHER ORDERED THAT plaintiffs' motion to strike expert witness Mathis (Dk.334) is taken under advisement.