NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1489

ABDELAZIZ SOUILES

vs.

UNIFIED CUP STOP, INC. & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendants, Unified Cup Stop, Inc. (Unified) and Khalid Qasim, appeal from a Superior Court judgment entered in favor of their former employee, Abdelaziz Souiles, on his claim of unpaid overtime compensation under the Federal Fair Labor Standards Act (FLSA).  We affirm.

Background.  Unified is a gas station and convenience store owned by Qasim.  From March 2010 to December 2016, Souiles worked at Unified for sixty hours per week.  Souiles worked at Unified for about seven hours every day six days per week.  When Souiles began working at Unified, he was paid $10 per hour for a total of $600 per week.  Souiles received incremental hourly

---

[1] Khalid Qasim, also known as Khalid Banizugireh.

rate increases every year and always received his regular hourly rate for the hours he worked. On several occasions, Souiles met with Qasim to inform him that he was entitled to one and one-half times his regular hourly rate for the twenty hours of overtime he worked every week. Qasim responded that he did not pay overtime because United was a small gas station. Qasim testified that he calculated Souiles' hourly wage to include the overtime rate.

Souiles worked with one other employee between forty and forty-five hours each week. Souiles' duties included receiving payments from customers, accepting deliveries from vendors, cleaning the store and restrooms, stocking shelves, and maintaining the area outside of the gas station. Souiles did not supervise any employees. Qasim sometimes instructed Souiles to direct part-time employees to complete tasks. Souiles did not participate in the hiring process and did not have the authority to discipline employees. Souiles also did not participate in employee evaluation or onboarding, and he did not have the authority give raises to other employees. Souiles did not create work schedules nor was he authorized to send employees home when the store was not busy. At Qasim's direction, Souiles sometimes drafted corrective action forms for employees.

In June 2023, after a jury-waived trial, the judge returned answers to special questions pursuant to Superior Court Rules 20(2)(h) and 20(8). The judge found that the defendants failed to pay Souiles at a rate of at least one and one-half times his regularly hourly rate for the hours he worked over forty each week. The judge also found that Souiles was not an "exempt" administrative employee under 29 U.S.C. § 213(a)(1). Judgment entered for Souiles in the amount of $39,668.65, consisting of $22,556 in damages and $17,112.65 in prejudgment interest. In September 2023, a judge awarded the plaintiff an additional $27,276.82 for attorney's fees and expenses pursuant to 29 U.S.C. § 216(b).

Discussion. The defendants contend that the evidence did not support a finding that they violated the FLSA because the administrative exemption applied to Souiles.[2] We review the judge's decision "to determine whether anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the [prevailing party]" (quotations and citation omitted). K&K Dev., Inc. v. Andrews, 103 Mass. App. Ct. 338,

---

[2] For the first time on appeal, the defendants assert that the FLSA's executive exemption also applied to Souiles. At trial, when the judge asked whether the defendants were "proceeding solely on the administrative exemption," counsel responded "[Souiles] was certainly not an executive, but he was an administrator." Thus, this argument was waived.

344 (2023).  The FLSA requires employers to compensate employees at one and one-half times their regular hourly wage for hours the employees work in excess of forty hours in a given week.  See Casseus v. Eastern Bus Co., 478 Mass. 786, 788 (2018); 29 U.S.C. § 207(a)(1).

The FLSA exempts employers from paying overtime rates to employees employed in "administrative" capacities.  29 U.S.C. § 213(a)(1).  "The employer in an FLSA case bears the burden of establishing that its employees are exempt, and . . . exemptions are to be narrowly construed against the employers seeking to assert them" (citation omitted).  De Jesus-Rentas v. Baxter Pharmacy Servs. Corp., 400 F.3d 72, 74 (1st Cir. 2005).  An employee employed in an "administrative capacity" is one whose primary duties include (1) "the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers" and (2) "the exercise of discretion and independent judgment with respect to matters of significance."  29 C.F.R. § 541.200(a) (2019).  Matters of significance include, but are not limited to, "authority to formulate, affect, interpret, or implement management policies or operating practices" and "authority to waive or deviate from established policies and procedures without prior approval."  29 C.F.R. § 541.202(b) (2004).

4

Here, Souiles' duties were limited to the performance of manual work, as directed by Qasim. Souiles' duties consisted of a narrow set of tasks, including taking payments from customers, cleaning, and stocking shelves. Under Qasim's instruction, Souiles sometimes directed other employees to complete certain tasks outlined by Qasim. Souiles did not exercise independent judgment as it related to hiring, scheduling, discipline, or any other matter of significance. Thus, the judge properly determined that the FLSA's administrative exemption did not apply to Souiles. Nor did the judge err by finding that the defendants paid Souiles straight salary for his sixty hours of work per week. There was nothing unreasonable in drawing the inference that the defendants violated the FLSA by failing to pay Souiles overtime for hours he worked in excess of forty hours per week.

Because Souiles prevailed on his claim for unpaid overtime compensation, he was entitled to the award of attorney's fees and costs. See 29 U.S.C. § 216(b). Souiles' request for appellate fees and costs is also allowed. See id. Consistent with the requirements of Fabre v. Walton, 441 Mass. 9, 10-11 (2004), Souiles may file a request for attorney's fees and costs, along with supporting documentation, within fourteen days

5

of the issuance of this decision.  The defendants shall have fourteen days thereafter within which to respond.

<u>Judgment affirmed</u>.

By the Court (Rubin, Hand & Brennan, JJ.[3]),

Paul Little

Clerk

Entered:  December 12, 2024.

---

[3] The panelists are listed in order of seniority.

6