516 U.S. 233 (1996)
LOTUS DEVELOPMENT CORP. v. BORLAND INTERNATIONAL, INC.
v.
BORLAND INTERNATIONAL, INC.
No. 94-2003.
Supreme Court of United States.
Argued January 8, 1996.
Decided January 16, 1996
Henry B. Gutman argued the cause for petitioner. With him on the briefs were Kerry L. Konrad, Jeffrey E. Ostrow, Arthur R. Miller, Neal D. Goldman, and Donald J. Rosenberg. 
Gary L. Reback argued the cause for respondent. With him on the brief were Michael Barclay, Susan A. Creighton, and Katherine L. Parks.[*]
Per Curiam.
The judgment of the United States Court of Appeals for the First Circuit is affirmed by an equally divided Court.
*234 Justice Stevens took no part in the consideration or decision of this case.
NOTES
[] Together with No. 94-1477, Korean Air Lines Co., Ltd. v. Zicherman, Individually and as Executrix of the Estate of Kole, et al., also on certiorari to the same court.
[] Juanita M. Madole, Donald W. Madole, George E. Farrell, Milton G. Sincoff, and Steven R. Pounian filed a brief for Philomena Dooley et al. as amici curiae urging reversal.
[] The jury also awarded petitioners $161,000 in survivors' grief, $16,000 to Zicherman for loss of support and inheritance and $100,000 to Zicherman for the decedent's pain and suffering. The Second Circuit has set aside the award of grief damages and has remanded for further proceedings on the award for loss of support and inheritance. None of these awards is at issue here.
[] The French text of Article 17 reads: "Le transporteur est responsable du dommage survenu en cas de mort, de blessure ou de toute autre lésion corporelle subie par un voyageur lorsque l'accident qui a causé le dommage s'est produit à bord de l'aéronef ou au cours de toutes opérations d'embarquement et de débarquement." 49 Stat. 3005.
[] The governing French text of Article 24 provides: "(1)Dans les cas prévus aux articles 18 et 19 toute action en responsabilité, àquelque titrequece soit,ne peut être exercée quedans les conditions et limites prévues par la présente Convention. "(2)Dans les cas prévus à l'article 17, s'appliquent également les dispositions de l'alinéa précédent, sans préjudice de la détermination des personnes quiont le droitd'agiret de leursdroitsrespectifs."49 Stat.3006.
[] We need not consider whether § 761 of DOHSA calls into question the District Court's determination that the decedent's mother is a proper party to this suit, or its grant of a jury trial, see Romero v. International Terminal Operating Co., 358 U. S. 354, 371, n. 28 (1959), and whether § 762 contradicts the District Court's allowance of pain and suffering damages, see Offshore Logistics, Inc., 477 U. S., at 215, n. 1. KAL challenged none of these rulings in its petition for certiorari.
[*] Morton David Goldberg, June M. Besek, Davis O. Carson, and Jesse M. Feder filed a brief for Digital Equipment Corp. et al. as amici curiae urging reversal.

Briefs of amici curiae urging affirmance were filed for Altai, Inc., by Susan Gertrude Braden; for the American Committee for Interoperable Systems et al. by Peter M. C. Choy and Paul Goldstein; for Computer Scientists by Ron Kilgard and Karl M. Tilleman; for the League for Programming Freedom by Eben Moglen and Pamela S. Karlan; for the Software Forum by Diane Marie O'Malley; for the Software Industry Coalition et al. by Thomas F. Villeneuve; for the Software Protection Committee of the Minnesota Intellectual Property Law Association by Steven W. Lundberg, Daniel J. Kluth, and Rudolph P. Hofmann, Jr.; for Copyright Law Professors by Pamela Samuelson; and for Peter S. Menell et al. by Mr. Menell, pro se. 
Briefs of amici curiae were filed for the American Intellectual Property Law Association by Don W. Martens, Baila H. Celedonia, and Charles L. Gholz; for Economics Professors and Scholars by Joshua R. Floum; for Users Groups by Rex S. Heinke; and for Howard C. Anawalt, pro se.