NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1152
(Opposition No. 91/161,452)


ANDREA FISCHER,

Appellant,

v.


THOMAS ANDERSON,

Appellee.


Daniel J. Kessler, Burkhalter Kessler Goodman & George LLP, of Irvine, California, for appellant. Of counsel on the brief was Rosamund M. Lockwood.

Thomas Anderson, of Yachats, Oregon, pro se.

Appealed from:   United States Patent and Trademark Office
Trademark Trial & Appeals Board

Note: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1152
(Opposition No. 91/161,452)

ANDREA FISCHER,

Appellant,

v.

THOMAS ANDERSON,

Appellee.

---

DECIDED: October 10, 2007

---

Before SCHALL, BRYSON, and MOORE, Circuit Judges.

SCHALL, Circuit Judge.

## DECISION

Andrea Fischer appeals the August 3, 2006 final decision of the United States Patent and Trademark Office's Trademark Trial and Appeal Board ("TTAB" or "Board") denying her motion, pursuant to Fed. R. Civ. P. 60(b), for relief from judgment. Fischer v. Anderson, Opposition No. 91161452 (TTAB Aug. 3, 2006) ("Relief Decision"). In her motion, Ms. Fischer sought relief from the August 10, 2005 Order of the Board granting judgment against her on the pleadings, thereby (i) sustaining the opposition to her

application for registration of the mark CHLOE VEVRIER and (ii) refusing registration of the mark. Fischer v. Anderson, Opposition No. 91161452 (TTAB Aug. 10, 2005) ("Judgment on Pleadings"). We affirm.

DISCUSSION

I.

Ms. Fischer filed her application for registration of the mark CHLOE VEVRIER on May 19, 2003. Subsequently, Thomas Anderson filed an opposition to registration of the mark. Eventually, on March 23, 2005, Anderson filed a motion for judgment on the pleadings. On June 11, 2005, after Ms. Fischer had failed to respond to the motion, the Board issued an order to "show cause why the Board should not grant opposer's motion as conceded, and for applicant's apparent loss of interest in defending itself in this proceeding." Judgment on Pleadings, slip op. at 1. On August 10, 2005, having received no response from Ms. Fischer to the order to show cause, the Board granted Anderson's motion for judgment on the pleadings, thereby (i) sustaining Anderson's opposition and (ii) refusing registration of the mark. During the period of the above-described proceedings, Ms. Fischer was represented by counsel.

On January 12, 2006, new counsel for Ms. Fischer filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). In the motion, counsel asserted that Ms. Fischer's prior counsel had been negligent in failing to respond to Anderson's motion for judgment on the pleadings or the Board's show cause order. Under these circumstances, new counsel argued, Ms. Fischer's previous counsel had abandoned her as far as her trademark application proceedings were concerned.

On August 3, 2006, the Board ruled on the Rule 60(b) motion. Doing so, the Board stated that its task was to determine whether Ms. Fischer had established that her failure to respond to the motion for judgment on the pleadings or the show cause order was the result of "excusable neglect" under Fed. R. Civ. P. 60(b)(1) or whether she had established "any other reason justifying relief from the operation of the judgment," as required by Fed. R. Civ. P. 60(b)(6). The Board concluded that Ms. Fischer had failed to establish excusable neglect because she was bound by the conduct of her prior counsel. In reaching this conclusion, the Board stated that, under Pioneer Investment Services Co. v. Brunswick Associates Ltd., 507 U.S. 380 (1993), it was required to impute to Ms. Fischer her prior counsel's acts or failures to act, thereby rendering irrelevant any distinction between counsel's neglect and any neglect on her part. Relief Decision, slip op. at 3. Focusing on what had transpired with respect to the motion for judgment on the pleadings and the order to show cause, the Board determined that Ms. Fischer's prior counsel had not been diligent. Id. at 4-5. The Board also concluded that Ms. Fischer had not established that the "catchall" provision of Fed. R. Civ. P. 60(b)(6) ("any other reason justifying relief from the operation of the judgment") applied in her case. Id. at 5. Accordingly, the Board denied Ms. Fischer's motion for relief from judgment.

On October 18, 2006, the Board denied Ms. Fischer's motion for reconsideration. Fischer v. Anderson, Opposition No. 91161452 (TTAB Oct. 18, 2006). This appeal followed.

## II.

We have jurisdiction over Ms. Fischer's appeal pursuant to 28 U.S.C. § 1295(a)(4)(B). We review the Board's decision to determine whether, in denying Ms. Fischer's motion under Fed. R. Civ. P. 60(b), the Board abused its discretion. Hutchins v. Zoll Med. Corp., 492 F.3d 1377, 1386 (Fed. Cir. 2007); Info. Sys. and Networks Corp. v. United States, 994 F.2d 792, 794 (Fed. Cir. 1993).

## A.

On appeal, Ms. Fischer makes essentially three arguments. She argues first that, in denying her motion for relief from judgment, the Board erred by considering letters from her former counsel dated February 22, and May 8, 2006. In these letters, prior counsel stated that he was not served with Anderson's motion for judgment on the pleadings, and that he did not receive the Board's order to show cause or its August 10, 2005 order granting Anderson's motion. In its ruling on the Rule 60(b) motion, the Board rejected prior counsel's claim. The Board noted that the orders at issue were mailed to Ms. Fischer's prior counsel at his correct address and therefore were presumed to have been received. Relief Decision, slip op. at 5. The Board also noted that it appeared that prior counsel had in fact received the motion for judgment on the pleadings. Id.

We see no abuse of discretion in the Board's consideration of what prior counsel had to say with regard to Ms. Fischer's failure to respond to the Anderson motion and the Board's show cause order. Indeed, we have difficulty seeing how the Board did anything but the logical and sensible thing in considering the letters.

2007-1152                                4

B.

Ms. Fischer's second argument is that, in denying her motion for relief from judgment, the Board ignored evidence in the record that supports her claim that her prior counsel was negligent. She also makes assertions with respect to alleged efforts on her part and that of her husband to communicate with prior counsel to determine the status of the proceedings before the Board. Ms. Fischer argues that, considered in its entirety, the record demonstrates excusable neglect under Fed. R. Civ. P. 60(b)(1) and that the Board therefore abused its discretion in denying her motion. We must reject Ms. Fischer's argument. The reason is that everything Ms. Fischer says points to her attorney's inaction as the reason for her failure to respond to the motion for judgment on the pleadings and the show cause order, and, as a matter of law, Ms. Fischer is bound by the conduct of her prior counsel. See Pioneer, 507 U.S. at 396-97.

C.

Ms. Fischer's final argument is that, in denying her motion, the Board ignored evidence of "extraordinary circumstances." According to Ms. Fischer, these circumstances bring her case within the purview of Rule 60(b)(6).

Ms. Fischer is correct that the presence of "extraordinary circumstances" has been considered a reason "justifying relief from the judgment" under Rule 60(b)(6). See id. at 393 ("To justify relief under subsection (6), a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay."); Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863-64 (1988) ("[W]e have previously noted that [Rule 60(b)(6)] provides courts with authority adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice, while also

cautioning that it should only be applied in 'extraordinary circumstances.'" (citation omitted)).

Ms. Fischer's argument fails, however. Ms. Fischer alleges that her prior counsel ignored repeated emails and telephone calls concerning her application, ignored her new counsel's requests for her files, and improperly filed letters with the Board despite being fired months earlier. All of these actions, however, occurred after August 10, 2005, the date on which the Board granted judgment against Ms. Fischer on the pleadings. Thus, they are not relevant to determining whether the circumstances leading up to that judgment are "extraordinary" under Rule 60(b)(6). With that in mind, the only relevant evidence to which Ms. Fischer points is her prior counsel's failure to respond to Anderson's motion for judgment on the pleadings and the Board's subsequent show cause order, the evidence discussed above in connection with Ms. Fischer's claim of excusable neglect. Before the Board, in her motion for relief from judgment, Ms. Fischer failed to cite any additional evidence or grounds for relief, and she has not done so on appeal. In short, she has not demonstrated "extraordinary circumstances." In these circumstances, we cannot say that the Board abused its discretion in denying her motion for relief from judgment under Rule 60(b)(6).

For the foregoing reasons, the final decision of the Board is affirmed.

Each party shall bear its own costs.