**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3251
_____

GORDON LEVEY,
                                        Appellant

v.

BROWNSTONE INVESTMENT GROUP, LLC;
DOUGLAS B. LOWEY; BARRET P. NAYLOR, Individually
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civil No. 11-cv-00395)
District Judge:  Honorable Esther Salas
_____

Submitted Under Third Circuit LAR 34.1(a)
September 9, 2014
_____

Before: RENDELL, GREENAWAY, JR. and BARRY, <u>Circuit Judges</u>

(Opinion Filed:  October 23, 2014)
_____

OPINION
_____

BARRY, <u>Circuit Judge</u>

Gordon Levey appeals the dismissal of his copyright infringement action against

Brownstone Investment Group, LLC, Douglas B. Lowey, and Barret P. Naylor (together,

"Brownstone").  The District Court concluded that Levey failed to adequately allege any

infringing activity, denied his request for discovery, and denied his motion for leave to file a sur-reply to Brownstone's motion to dismiss. We will affirm.

I

Messrs. Levey, Lowey, and Naylor were once co-owners of Brownstone Investment Group, LLC, a company in the securities business that is, or is closely affiliated with, a broker-dealer. Levey departed from the firm on or around January 2006.[1] He alleges that Brownstone continues to use software that he created, in violation of an "oral license" that was only effective "so long as he was affiliated with Brownstone." (App. at 35.) Levey calls the software "'Levtek' a/k/a 'Brownstone Live' and 'Brownstone Trading System'" ("Levtek").[2] (Id.)

The issues on appeal focus on whether Levey's complaint adequately alleges that Brownstone still uses Levtek, or software so similar to Levtek that it infringes Levey's copyright. Levey concedes that he does not know with any certainty the answer to that question, because he "has had no access to information regarding the internal workings of [Brownstone], or the use of the aforesaid copyrighted materials." (Id. at 36.) He does, however, offer some reason to believe that Brownstone is *not* using the software, noting that during a FINRA arbitration regarding his departure, he "was affirmatively told by

---

[1] The exact nature of the prior business relationship between Levey, Lowey, and Naylor, and the financial implications of Levey's departure from Brownstone, are the subject of a separate litigation in the Delaware Chancery Court. Levey's departure also spawned litigation in the U.S. District Court for the Southern District of New York and an arbitration before the Financial Industry Regulatory Authority ("FINRA").

[2] The copyright registration record provided by Levey lists him as the author of "LevTek Trading System." (Id. at 40.)

[Brownstone] and/or [its] Counsel that the use of the aforesaid copyrighted material had ceased." (Id.)

The few facts offered in support of the claim that Brownstone uses Levtek or another infringing product are the following. In June 2011, at a large securities industry convention, Levey approached Brian Lane, the sales director of a company named Codestreet that develops software for broker-dealers. After Levey mentioned his former affiliation with Brownstone, Lane allegedly responded that he had "tried to sell [Brownstone] the Codestreet system" earlier that year, but was told by Jon Sablowsky, a trader at Brownstone, that Brownstone already "'had all of what Codestreet has to offer, in a proprietary system that [Brownstone has] had for years and [has] been using for years and years.'" (Id. at 37.) According to Levey, Levtek has "the same capabilities as the Codestreet software system, plus a whole lot more features." (Id.)

The above allegations were set forth in the operative complaint here, which is the fourth version offered by Levey.[3] On October 12, 2012, Brownstone moved to dismiss for lack of jurisdiction, improper venue, and failure to state a claim. In his opposition, Levey asked to take discovery regarding Brownstone's software, re-raising previous requests to schedule a Rule 16 conference based on his belief "that moving forward with discovery [would] encourage a settlement of this matter, as well as the pending matter . . .

---

[3] The District Court dismissed one of the previous complaints for failing to allege infringing activity within the three-year statute of limitations for copyright violations, and another one on the ground that Levey's application to register his copyright in Levtek was pending.

3

in the Delaware Chancery Court." (Id. at 17; see also id. at 16.)[4] After the motion to dismiss was fully briefed, Levey moved for leave to file a sur-reply on the ground that he had "obtained two additional key pieces of evidence" during the course of the briefing related to the conversation he had with Lane. (Id. at 20.)

The first "key" piece of evidence is an audio recording of a December 3, 2012 phone call Levey made to Lane. According to the proposed sur-reply, in the call "Lane responds affirmatively to knowing and/or communicating with . . . John [sic] Sobowsky [sic]."[5] (Id. at 24.) The second piece of evidence is an affidavit from Lane. In it, Lane denies having spoken to Sablowsky about Brownstone's software,[6] and states that he refused Levey's request that he swear to the contrary. Lane admits that, during the recorded call, he "gave a one word 'yes' response" to Levey's statement that "[Lane] had talked to [Levey] at the 2011 . . . [c]onference and said at the time that [Lane] had once met Mr. Sablowsky." (Id. at 31.) Lane insists that his one word response was "not correct insofar as it related to Mr. Sablowsky," and explains the inaccuracy as a result of poor timing of the call, which took him by surprise while he "was in [his] car with [his] family." (Id.)

On June 26, 2013, the District Court granted the motion to dismiss. It found that

---

[4] Each letter-motion requesting a Rule 16 conference was made while a motion to dismiss was pending, and each was denied by the Magistrate Judge, who, quoting the District of New Jersey's Local Rule 16.1(a)(1), noted that "the Court may defer a Rule 16 conference 'due to the pendency of a dispositive or other motion.'" (App. Vol. II. at 1-2.)

[5] He surely meant Jon Sablowsky, the Brownstone trader who allegedly rebuffed Lane's pitch to sell Codestreet software.

[6] Indeed, Lane states that at the time of the June 2011 conference, he had never met Sablowsky.

4

Brownstone's continued use of Levtek or substantially similar software could not be plausibly inferred from the fact that Brownstone was using a software system that shared capabilities with Codestreet. Accordingly, it concluded that Levey failed to state a claim for copyright infringement under both Fed. R. Civ. P. 8 and 12(b)(6). The Court also refused to "allow [Levey] to amend his [complaint] in a surreply," and denied the request for discovery. (Id. at 8-9.)

This timely appeal followed.[7]

II

**A. The complaint fails to state a claim upon which relief can be granted**

We exercise plenary review over dismissals under Fed. R. Civ. P. 12(b)(6). See Morrow v. Balaski, 719 F.3d 160, 165 (3d Cir.), cert. denied, 134 S. Ct. 824 (2013). We accept the complaint's allegations as true, view them in the light most favorable to the plaintiff, and dismiss only if the claims lack facial plausibility. Id. "[W]e are not compelled to accept" as true "unsupported conclusions and unwarranted inferences." Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (quoting Schuylkill Energy Res., Inc. v. Pa. Power & Light Co., 113 F.3d 405, 417 (3d Cir. 1997)) (internal quotation marks omitted).

To prevail on a claim of copyright infringement, "a plaintiff must establish: (1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work. Copying is a shorthand reference to the act of infringing any of the

---

[7] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291.

copyright owner's five exclusive rights set forth at 17 U.S.C. § 106." Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc., 307 F.3d 197, 206 (3d Cir. 2002) (internal quotation marks and citations omitted). Among an owner's exclusive rights are the right to "reproduce" the copyrighted work and the right to prepare "derivative works" from it. 17 U.S.C. § 106.

Because the use of computer software typically involves the reproduction of computer code by the user's machine, an owner adequately alleges copying when he asserts facts from which it would be plausible to conclude that a licensee continued to use copyrighted software after the license expired. See Stenograph L.L.C. v. Bossard Assocs., Inc., 144 F.3d 96, 101-02 (D.C. Cir. 1998); MAI Sys. Corp. v. Peak Computer, Inc., 991 F.2d 511, 518-20 (9th Cir. 1993).

A copyright owner also adequately alleges impermissible copying by asserting facts from which it could be concluded that a former licensee is using software that, although not identical in code to his, is so substantially similar that it is either a derivative work or must have been developed by reproducing protected elements of the original program. See Dun & Bradstreet, 307 F.3d at 213-14; Whelan Assocs., Inc. v. Jaslow Dental Lab., Inc., 797 F.2d 1222, 1231-32 (3d Cir. 1986). The determination of whether two programs are substantially similar is notoriously complex. It requires a sophisticated enough understanding of both programs to divide them, conceptually, into their design or structural elements, to determine which of those elements are copyrightable, and to assess similarity with respect to only the protected elements, weighing the importance of any

6

copied elements to the original software as a whole.  See Whelan, 797 F.2d at 1234-38, 1242-1248.  See also Oracle Am., Inc. v. Google Inc., 750 F.3d 1339, 1354-72 (Fed. Cir. 2014); Mitel, Inc. v. Iqtel, Inc., 124 F.3d 1366, 1371-73 (10th Cir. 1997); Lotus Dev. Corp. v. Borland Int'l, Inc., 49 F.3d 807, 814-15 (1st Cir. 1995), aff'd, 516 U.S. 233 (1996); Computer Assocs. Int'l, Inc. v. Altai, Inc., 982 F.2d 693, 706-15 (2d Cir. 1992).[8]

The complaint does not clearly identify which theory of infringement applies here, i.e., whether Brownstone is using Levtek outright, or some substantially similar version of it.  The District Court assumed both as possibilities, as will we to resolve this appeal.

Assuming that the first theory of infringement is what Levey had in mind, he failed to provide an adequate factual basis for believing that Brownstone was still using Levtek years after his departure.  Accepting as true Levey's account of his discussion with Lane (even though Lane denies the truth of that account), all we know is that Brownstone uses software that helps it accomplish what Codestreet's software would, and that Codestreet's software, in turn, has "the same capabilities" as Levtek.  (App. at 37.)  That is simply not enough to infer that Brownstone is using Levtek, as opposed to some other software that helps it do business.

Nor can we infer substantial similarity from those facts, which, at most, tell us that

---

[8] These cases use differing methods of determining substantial similarity in the software context.  Each, however, addresses the same problem: not every aspect of computer software is protected under the Copyright Act.  And each endeavors to accomplish the same, often complicated, task, which is to isolate the copyrightable elements of computer software and determine whether those elements were impermissibly copied.  That much suffices for our analysis on this appeal, and we take no position on the particular method that would apply here.

the two programs share a common purpose or function. Their likeness in that respect is plainly insufficient to even suggest infringement, because "the purpose or function" of a copyrighted work is "the work's *idea*," and it "is axiomatic that copyright does not protect ideas, but only *expressions* of ideas." Whelan, 797 F.2d at 1234, 1236 (emphases altered); see id. at 1237 (infringement only occurs when the defendant "has pirated the expression of an original work"). We are not provided with any detail about Brownstone's software, let alone Levtek, in regard to their look and feel, structure, sequence, organization, or other potentially expressive and copyrightable elements. It would be implausible, therefore, to conclude that Brownstone's system is so similar to Levtek that it must be infringing.

## B. Sur-Reply

Because permission for leave to file a sur-reply is a matter "committed to the District Court's sound discretion," we review for an abuse of discretion. See Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 276 (3d Cir. 2001) (citing Adams v. Gould Inc., 739 F.2d 858, 868 (3d Cir. 1984)); see also D.N.J. L. Civ. R. 7.1(d)(6). There was plainly no abuse of discretion here. All the proposed sur-reply had to offer was evidence purporting to substantiate the allegation that Lane had spoken to Levey and Sablowsky. But that evidence would have added nothing given that the District Court assumed the truth of the proposed evidence in evaluating the sufficiency of Levey's complaint, as it was required to do in reviewing a motion to dismiss. See Morrow, 719 F.3d at 165.

8

**C. Discovery**

"Our standard of review of questions concerning the scope or opportunity for discovery is for abuse of discretion." In re Orthopedic Bone Screw Prod. Liab. Litig., 264 F.3d 344, 365 (3d Cir. 2001). Levey argues that the Magistrate Judge abused her discretion in staying discovery while Brownstone's motions to dismiss were pending, and that the District Court abused its discretion in denying his motion to lift the stay before granting the motion to dismiss. He insists that had he been permitted to take discovery from Brownstone, he would have been able to provide the District Court with an answer to the question of whether Brownstone was, in fact, using infringing software.

That argument, of course, puts the cart before the horse. The Rule 12(b)(6) procedure "streamlines litigation by dispensing with needless discovery and factfinding," Neitzke v. Williams, 490 U.S. 319, 326-27 (1989), and motions to dismiss filed under it should typically "be resolved before discovery begins." Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997). Indeed, the purpose of the Rule's plausible inference standard is to ensure that the complaint "raise[s] a reasonable expectation that discovery will reveal evidence of illegal [conduct]," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).

Given what little the complaint tells us, there is nothing reasonable about Levey's expectation that taking discovery would reveal any infringement. As the District Court found, Levey's factual basis for establishing infringement was so thin that it failed to meet even the minimal pleading standard under Fed. R. Civ. P. 8(a). He is plainly not

9

entitled to burden Brownstone with discovery, even on the limited issue of its software usage, given the deficiencies of his complaint. Ashcroft v. Iqbal, 556 U.S. 662, 686 (2009) ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise."). Indeed, "were we to reverse the dismissal here to allow for discovery," all we would be doing would be providing Levey the opportunity "to conduct a fishing expedition in order to find a cause of action." Ranke v. Sanofi-Synthelabo Inc., 436 F.3d 197, 204 (3d Cir. 2006). That we will not do.

III

The order of the District Court will be affirmed.