# In the United States Court of Federal Claims

No. 18-856

(Filed: June 9, 2021)

```
******************************************
CITIZANT, INC.,                          *
                                         *
                Plaintiff,               *
                                         *
v.                                       *    Motion to Reopen; Rule 60(b)(6);
                                         *    Extraordinary Circumstances; Bid
                                         *    Preparation and Proposal Costs;
THE UNITED STATES,                       *    Relief from Judgment.
                                         *
                Defendant,               *
                                         *
and                                      *
                                         *
                                         *
HALVIK CORP.,                            *
                                         *
                Defendant-Intervenor.    *
******************************************
```

*Tenley Anne Carp*, Washington, DC, counsel for Plaintiff.

*Barbara E. Thomas*, U.S. Department of Justice, Civil Division, Washington, DC, counsel for Defendant.

*Alexander Jonathan Brittin*, McLean, VA, counsel for Defendant-Intervenor.

## ORDER AND OPINION

**DIETZ, Judge.**

Successful protestor, Citizant, Inc. ("Citizant"), seeks to reopen its bid protest for the purpose of requesting bid preparation and proposal costs. Citizant alleges that the United States General Services Administration ("GSA") failed to abide by a court order granting injunctive relief when GSA entirely cancelled the solicitation instead of taking corrective action under the solicitation and reevaluating its proposal. Citizant argues that GSA's actions create extraordinary circumstances sufficient to justify relief under Rule 60(b)(6) of the Rules of the Court of Federal Claims. Because Citizant fails to sufficiently demonstrate "extraordinary circumstances" under Rule 60(b)(6), the Motion to Reopen the Protest is **DENIED**.

## I. BACKGROUND

Citizant filed a bid protest in this Court on June 15, 2018 challenging GSA's proposal evaluation process and subsequent selection of eighty-one offerors—to the exclusion of Citizant—for a position on the Alliant 2 Small Business ("A2SB") Government-wide Acquisition Master Contract. Compl., ECF No. 1. Citizant filed two successive amended complaints alleging additional flaws in GSA's evaluation process. *See* 1st Am. Compl., ECF No. 61; 2nd Am. Compl., ECF No. 78. In its operative complaint, Citizant requested that the Court (1) direct GSA to correct the evaluation flaws and establish a new list of awardees in accordance with the solicitation, (2) direct GSA to award Citizant placement on the A2SB contract, (3) award Citizant its costs for bringing the bid protest action and attorney's fees, consultant fees and expenses pursuant to 28 U.S.C. §§ 1491(b) and 2412, and (4) grant such other relief as the Court deems just and proper. 2nd Am. Compl. at 46.

The parties filed cross-motions for judgment on the administrative record. *See* Pl.'s Mot. J. on Administrative R. [hereinafter Pl.'s MJAR], ECF No. 53; Def.'s Mot. J. on Administrative R., ECF No. 65. In its motion for judgment on the administrative record, Citizant renewed its requests for injunctive relief and award of its costs and reasonable attorney's fees and expenses. Pl.'s MJAR at 39.

On March 11, 2019, this Court issued an opinion in favor of Citizant, holding that Citizant was prejudiced by errors in GSA's proposal evaluation process. *See Citizant v. United States*, 142 Fed. Cl. 260 (2019) [hereinafter March 11th Order]. The Court granted Citizant's request for injunctive relief by enjoining GSA from proceeding with the awardee list and directing GSA to reevaluate the proposals in a manner that redresses the errors identified in the opinion. *Id.* at 275. The Court found Citizant's request for attorney's fees premature but welcomed Citizant to file the necessary application under the Equal Access to Justice Act ("EAJA"). *Id.* (stating that "the court will look favorably upon such an application"). Citizant filed an application for attorney's fees, which was ultimately resolved by settlement with GSA. *See* Pl.'s Mot. for Att'y Fees, ECF No. 125; Pl.'s Notice of Acceptance of Offer of J., ECF No. 130.

On March 26, 2019, in response to the March 11th Order, GSA rescinded eighty-one contracts awarded under the A2SB solicitation. *See* Def.'s Resp. to Pl.'s Mot. [hereinafter Def.'s Resp.], ECF No. 140. GSA thereafter issued a public notice seeking comments on a draft amendment to the A2SB solicitation. *Id.* at 3. After close of the comment period, GSA decided against amending the A2SB solicitation and instead opted to cancel the A2SB solicitation entirely and re-procure the requirements under a new solicitation. *Id.* at 4. GSA publicly announced cancellation of the A2SB solicitation on July 2, 2020 and, in the public notice, communicated that "the government is examining and wants to bring to market significant updates and new requirements to A2SB." *Id.* In October 2020, GSA announced the upcoming re-procurement of the A2SB requirements under a new name, Polaris. *Id.* A draft version of the Polaris solicitation was released by GSA on December 31, 2020.[1] *Id.*

---

[1] The Court does not have additional information on the status of the Polaris solicitation; but, in reaching its decision, the Court determined that additional information was not necessary.

Upon learning of the cancellation, Citizant "promptly contacted GSA to pursue its rights to bid and proposal costs[.]" Pl.'s Reply at 3, ECF No. 141. After negotiations stalled, on October 21, 2020, Citizant filed the pending motion to reopen the bid protest case "to request its bid and proposal costs as part of [its] protest." *Id.* at 3; Pl.'s Mot. at 1.

## II.    DISCUSSION

Citizant requests that the Court reopen its bid protest to allow it to seek bid preparation and proposal costs because, as Citizant alleges, GSA has failed to comply with the March 11th Order by cancelling the A2SB solicitation entirely instead of taking corrective action and reevaluating the proposals. Pl.'s Mot. at 1. In its motion, Citizant does not cite any authority or procedural mechanism to support its request. *See id.* Citizant's motion also does not seek to enforce the injunctive relief granted by the March 11th Order or challenge GSA's decision to cancel the A2SB solicitation as wrongful. Instead, in its reply, Citizant latches onto a possible procedural mechanism for reopening its case first raised by the government in its response—Rule 60(b)(6) of the Rules of the Court of Federal Claims. *See* Pl.'s Reply at 3. Citizant argues that GSA's cancellation of the solicitation created "extraordinary circumstances" sufficient to justify relief under Rule 60(b)(6). *See* Pl.'s Reply at 1, 5. Citizant asserts that it is entitled to bid preparation and proposal costs because it succeeded on the merits in its protest and—since GSA's subsequent cancellation of the solicitation rendered its bid preparation and proposal costs "unnecessary"—it has only now, after entry of judgment in its bid protest, met the conditions for recovering such costs. Pl.'s Reply at 3.

Rule 60(b) sets forth six grounds for relief from final judgment. RCFC 60(b). Rule 60(b) motions are left to the sound discretion of the trial court. *Freeman v. Secretary of Dep't of Health and Hum. Servs.*, 35 Fed. Cl. 280, 282 (1996). Under 60(b)(6)—the applicable ground here—a court may relieve a party from final judgment for "any other reason that justifies relief." RCFC 60(b)(6). This catch-all provision generally empowers courts to provide relief when appropriate to accomplish justice. *Klapprott v. United States,* 335 U.S. 601, 614–15 (1949). The court's authority under Rule 60(b)(6), however, is not without limitation, and the Rule must only be applied in "extraordinary circumstances." *Mendez v. United States*, 600 F. App'x 731, 733 (Fed. Cir. 2015) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988)); *CEATS, Inc. v. Cont'l Airlines, Inc.*, 755 F.3d 1356, 1361 (Fed. Cir. 2014). While there is no bright-line for what constitutes "extraordinary circumstances," a movant typically must demonstrate "both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion." *Infiniti Info. Solutions, LLC v. United States*, 93 Fed. Cl. 699, 706 (2010) (collecting cases). Such circumstances must suggest that the party is faultless. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 393 (1993). Extraordinary circumstances that may justify relief include: "(1) the conduct of proceedings without the knowledge of the losing party; (2) unusual combinations of health and financial difficulties; or (3) gross negligence or severe misconduct by counsel." *Progressive Industries, Inc. v. United States*, 131 Fed. Cl. 66, 70 (2017). When ruling on a Rule 60(b) motion, a court must strike a "proper balance between conflicting principles that litigation must be brought to an end and that justice should be done." *G.G.M. v. Secretary of Health and Hum. Serv.*, 122 Fed. Cl. 199, 204 (2015) (citing *Hutchins v. Zoll Med. Corp.*, 492 F.3d 1377, 1386 (Fed. Cir. 2007)).

In this instance, Citizant has failed to demonstrate extraordinary circumstances—more specifically, the necessary injury—to justify relief under Rule 60(b)(6).[2] GSA's cancellation of the A2SB solicitation did not result in additional injury to Citizant beyond that remedied by the injunctive relief granted in the March 11th Order.[3] The injunctive relief did not guarantee Citizant a contract award under the now-cancelled A2SB solicitation, and it likewise does not guarantee that Citizant will ever receive a contract for the A2SB requirements, under the new Polaris solicitation or otherwise. Rather, the March 11th Order required GSA to "reevaluate the proposals in a manner that redresses the errors" found by the Court. *Citizant*, 142 Fed. Cl. at 275. This does not restrict GSA's ability to make procurement decisions in connection with the A2SB solicitation, and its decision to cancel the solicitation does not support a finding that GSA has failed—or will fail—to redress the errors as required by the March 11th Order.

Citizant vaguely alleges wrongful conduct by asserting that "GSA should not be allowed to circumvent the express provision for the award of [bid preparation and proposal costs] under 28 U.S.C. § 1491 by merely issuing a solicitation for an entirely new A2SB procurement rather than issuing the corrective action promised in the original A2SB procurement." Pl.'s Reply at 8. This allegation is unsupported. "It is well settled that good faith conduct by government officials is presumed, subject to an extremely difficult showing by the plaintiff to the contrary." *Nationwide Roofing & Sheet Metal Co., Inc. v. United States*, 14 Cl. Ct. 733, 737 (1988). The Court is "required to assume the government [will] carry out the corrective action in good faith." *Chapman Law Firm Co. v. Greenleaf Const. Co.*, 490 F.3d 934, 940 (Fed. Cir. 2007); *see also Croman Corp. v. United States*, 724 F.3d 1357, 1364 (Fed. Cir. 2013) ("The presumption that government officials act in good faith is enshrined in our jurisprudence."). Citizant does not provide any evidence that GSA cancelled the A2SB solicitation to avoid an obligation to reimburse Citizant bid preparation and proposal costs or to otherwise skirt compliance with the March 11th Order. As the government states in its response, GSA is planning a re-procurement of the A2SB requirements under a new solicitation and taking appropriate action to avoid the mistakes identified by the March 11th Order. *See* Def.'s Resp. at 5. Without any evidence to the contrary, Citizant has not overcome the presumption that GSA is acting in good faith and will continue to carry out the corrective action.

Further, the injunctive relief granted to Citizant has not been rendered meaningless by GSA's post-judgment decision to cancel the A2SB solicitation and re-procure the A2SB requirements under a new solicitation. The injunctive relief restored Citizant's competitive position in the procurement by requiring GSA to rescind all previously-awarded contracts—to which Citizant was not an awardee—and affording Citizant another opportunity to compete for a contract. Because the relief granted by the Court has not been rendered meaningless and because Citizant has suffered no additional injury, permitting Citizant to reopen the case to seek bid preparation and proposal costs would constitute the type of additional affirmative relief that is

---

[2] A motion brought under Rule 60(b)(6) must be made "within a reasonable time." RCFC 60(c); *Fiskars, Inc. v. Hunt Mfg. Co.*, 279 F.3d 1378, 1382 (Fed. Cir. 2002); *see Pioneer Inv. Servs. Co.*, 507 U.S. at 393. The Court has discretion to determine what is reasonable. *See, e.g., Moolenar v. Gov't of Virgin Islands,* 822 F.2d 1342, 1348 (3d Cir. 1987). In its decision, the Court denies Citizant's request for relief under Rule 60(b)(6) because Citizant fails to demonstrate extraordinary circumstances. The Court does not reach a decision on timeliness.

[3] In addition to injunctive relief, Citizant was also reimbursed attorney's fees through its settlement with GSA.

impermissible under Rule 60(b)(6). *See Dobyns v. United States*, 915 F.3d 733, 738 (Fed. Cir. 2019), *cert. denied*, 140 S. Ct. 1106, 206 L. Ed. 2d 178 (2020) ("[A] court may not use Rule 60 to grant affirmative relief in addition to the relief contained in the prior order or judgment.").

With respect to the primary objective of Rule 60(b)(6)—accomplishing justice—it must be acknowledged that Citizant is not the only offeror who suffered lost bid preparation and proposal costs due to GSA's cancellation of the A2SB solicitation. GSA rescinded *all* eighty-one contracts awarded under the A2SB solicitation, and such awardees, as well as the other unsuccessful offerors, are now in the same position as Citizant—having incurred costs to develop a proposal that did not result in a contract due to GSA's cancellation of the solicitation. If the Court were to allow Citizant an opportunity to request bid preparation and proposal costs under these circumstances, it would undoubtedly provide Citizant an advantage over other offerors, which is not in the interest of justice.

## III.    CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Reopen the Protest is **DENIED**.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz
THOMPSON M. DIETZ, Judge